UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHRISTINA M. GALARZA,<br><br>    Plaintiff,<br><br>v.<br><br>KATRINA PIMENTEL, et al.,<br><br>    Defendants. | Civil Action No. 23-12881-MJJ |

## MEMORANDUM AND ORDER

February 21, 2025

JOUN, D.J.

    Plaintiff Christine Galarza, ("Ms. Galarza") who is representing herself, brings this action in which she asserts claims concerning pending and completed state court actions and efforts to establish a business. In an Order dated April 4, 2024, the Court allowed Ms. Galarza's Motion for Leave to Proceed *in forma pauperis*, found that Ms. Galarza's Complaint failed to state a claim upon which relief could be granted or was otherwise defective, and directed Ms. Galarza to file an Amended Complaint if she wished to proceed with this action. [Doc. No. 4]

    On May 8, 2024, Ms. Galarza filed an Amended Complaint, [Doc. No. 6], and, on July 19, 2024, she filed a Motion to Allow Second Amended Complaint with the proposed amended pleading, [Doc. No. 7]. Having reviewed the Amended Complaint and the proposed Second Amended Complaint, the Court finds that neither pleading sets forth a claim upon which relief may be granted or provides this Court with a basis to exercise its jurisdiction. Accordingly, the Court will DISMISS the Amended Complaint and DENY the Motion to Allow Second Amended Complaint.

I.  **Review of the Complaint**

   A.  **Statute of Limitations**

At the beginning of her Amended Complaint, Ms. Galarza maintains that a claim accrues when "'the last thing occurs that gives rise to the cause of action'; when all legal elements are present to enable the claimant to make a claim; and when the facts and circumstances giving rise to the cause of action is reasonably learned by the injured party." [Doc. No. 6 at 2].[1] Ms. Galarza states that, because she "alleges the continuous violation of her right to equal protection of the law and due process," the lawsuit "is within the time frame required as 'the last thing occurred' [in] March 2024." [*Id.*].

Here, Ms. Galarza interprets "cause of action" too broadly. *See Alvarez v. City of Worcester*, 450 F. Supp. 3d 74, 79 (D. Mass. 2020) (cleaned up) ("A cause of action generally accrues when the plaintiff knows or has reason to know of the injury which is the basis for his claim."). Specifically, Ms. Galarza treats her Amended Complaint as containing a single "cause of action" for the violation of her rights to due process and equal protection, but the pleading contains at least four separate causes of action. Her "Statement of Claim" is divided into four distinct sections. [Doc. No. 6 at 2-4].[2]

Section One concerns events in December 2016, when Ms. Galarza's daughter's school did not permit her to take action to protect her daughter, which caused physical injury. [*Id.* at 2]. Ms. Galarza does not identify any events occurring later than December 2016 that form the basis

---

[1] Ms. Galarza does not identify the source of the quoted material.

[2] Indeed, it appears that the four sections of the Amended Complaint are so unrelated to each other that they should have been raised in separate lawsuits. *See* Fed. R. Civ. P. 20(a)(2) (providing that multiple defendants may be joined in a single lawsuit if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and "(B) any question of law or fact common to all defendants will arise in the action.").

2

of her claim. Thus, this cause of action accrued in December 2016. In its April 4, 2024 Order, the Court stated that, under the three-year state statute of limitations applicable to claims under 42 U.S.C. § 1983 ("§ 1983"), any claims based on conduct that occurred more than three years prior to the commencement of this action on November 27, 2023, would be time-barred. [Doc. No. 4 at 6-7]. Thus, Section One fails to state a viable claim because it is time-barred.

### B.    *Younger* Abstention

In Section Two of the Amended Complaint, Ms. Galarza claims that her rights to "equal protection of the law and her right to due process continues to be violated, starting June 09, 2017." [Doc. No. 6 at 2]. According to Ms. Galarza, on that day, the Massachusetts Probate Court granted a motion recognizing defendant Wilfred C Driscoll as a "Special Representative" of the estate of Ms. Galarza's grandfather, but [t]o date the court has not heard the Plaintiff on her request to be appointed Special Representative." [*Id.* at 3]. Additionally, in Section Four of the Amended Complaint, Ms. Galarza alleges violations of her rights to equal protection and due process "continuously during the proceedings within the Southeast Housing Court and the criminal Clerks Office." [*Id.* at 4].

In its April 4, 2024 Order, the Court stated that it lacked jurisdiction to directly intervene in pending state court actions. [Doc. No. 4 at 6-7]. The Court also stated that, under the doctrine of *Younger* abstention, *see Younger v. Harris*, 401 U.S. 37 (1971), it was required to abstain from exercising is jurisdiction where the Court would "needlessly inject" itself in a pending state proceeding implicating important state interests if the Court were to consider a claim. [*Id.*]; *see Coggeshall v. Massachusetts Bd. of Registration of Psychologists*, 604 F.3d 658, 664 (1st Cir. 2010). For the same reasons, even if Ms. Galarza sufficiently alleges a violation of her right to due process or equal protection vis-à-vis these state court proceedings, the pleading does not provide the Court a basis to exercise jurisdiction over these claims.

## C. Failure to Allege a Plausible Claim

In Section Three of the Amended Complaint, Ms. Galarza alleges that "she was deprived of her right to equal protection of the law and due process while operating her small business by city officials while acting in an authoritative role." [Doc No. 6 at 3]. Ms. Galarza identifies the alleged conduct of four of the defendants as "fil[ing] a police report under a false complaint," "utili[zing] . . . influence . . . to interfere with the police investigation" and "to deny the Plaintiff the right to due process," "intentionally provid[ing] false information to the licensing board," "us[ing] [the defendant's] authority within the business licensure department . . . to obstruct the Plaintiff in obtaining the newly required licensure to operate her business," and "provid[ing] false information to an investigating office." [*Id.*]. Ms. Galazra also claims that two other defendants violated her right to due process by "us[ing] their authority within the Criminal Clerks Office" to "issu[e] a Summons for [Arraignment] after an NPC Finding and the altering of documents within the case file." [*Id.* at 4].

Even if the existence of previous or pending judicial actions does not bar the claims in Section Three, they cannot go forward as pled because they do not provide enough factual content to give the defendants notice of the claims against them, nor do they set forth a plausible claim.

To state a claim upon which relief may be granted, a complaint must comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure, *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), which requires that a complaint include a "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2). The "fundamental purpose" of this pleading rule "is to protect a defendant's inalienable right to know in advance the nature of the cause of action being asserted against him." *Martinez v. Petrenko*, 792 F.3d 173, 179 (1st Cir. 2015) (quoting *Ruiz Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 84 (1st Cir.

4

2008)); *see also Twombly*, 550 U.S. at 555 ("short and plain" statement of the claim must provide a defendant with "fair notice of what the . . . claim is and the grounds upon which it rests" (alteration in original) (citation omitted)). This means that a pleading needs to provide a defendant "enough detail to provide a defendant with 'fair notice of what the . . . claim is and the grounds upon which it rests,'" *Silverstrand Invs. v. AMAG Pharm., Inc.*, 707 F.3d 95, 101 (1st Cir. 2013) (quoting *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011)) (alteration in original), or, in other words, the statement of the claim "must 'at least set forth minimal facts as to who did what to whom, when, where, and why,'" *Calvi v. Knox County*, 470 F.3d 422, 430 (1st Cir. 2006) (quoting *Educadores Puertorriqueños en Acción v. Hernandez*, 367 F.3d 61, 68 (1st Cir. 2004)).

Allegations that consist merely of "labels and conclusions" are not credited. *Twombly*, 550 U.S. 544, 555. Further, "some allegations, while not stating ultimate legal conclusions, are nevertheless so threadbare or speculative that they fail to cross 'the line between the conclusory and the factual.'" *Penalbert-Rosa v. Fortuno-Burset,* 631 F.3d 592, 595 (1st Cir. 2011) (quoting *Twombly*, 550 U.S. at 557 n.5). Instead, the complaint must "contain sufficient factual matter, accepted as true" to state a plausible claim for relief." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard is not as onerous as a "'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

Section Three does not meet the Rule 8(a)(2) pleading standard. Although Ms. Galarza refers generally to certain events, her allegations are vague or largely conclusory. For example, Ms. Galarza states that defendant Casey "is alleged to have filed a police report under a false complaint," in which Casey "[a]lleg[ed] the Plaintiff had threatened her." [Doc. No. 6 at 3]. This claim does not identify the approximate date of the false complaint or adequately specify the threat Casey claims Ms. Galarza made. Similarly, Ms. Galarza alleges that "Cordeiro is alleged to have intentionally provided false information to the licensing board," which "obstructed the Plaintiff from a[n] application process." [*Id.*]. However, Ms. Galarza does not identify when this alleged misconduct occurred, what false information Cordeiro provided to the licensing board, and how the false information resulted in injury to her. The rest of the factual allegations in Section Three are similarly insufficient.

### D.    Application for a Criminal Complaint

Within Section Four of the Amended Complaint, Ms. Galarza alleges that a state court clerk violated her right to equal protection by "interfering with the Criminal Complaint submission and filing process," and that "the clerk's office did not process the application." [Doc. No. 6 at 4]. As the Court pointed out in its April 4, 2024 Order, under federal law, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another," *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also id.* ("[A] citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution."), even where state law "allows a private citizen to file a criminal complaint alleging a violation of state law," *Harris v. Anderson*, 672 Fed. App'x 148, 150 (3d Cir. 2017).

### E. Judicial Immunity

In addition, to the extent that Ms. Galarza seeks damages against defendants who are judges, such claims fail to state a claim upon which relief may be granted because judges are absolutely immune "from liability for damages for acts committed within their judicial jurisdiction . . . even when the judge is accused of acting maliciously and corruptly." *Pierson v. Ray*, 386 U.S. 547, 554 (1967); *see also Mireles v. Waco,* 502 U.S. 9, 11-12 (1991) (doctrine of judicial immunity is only overcome where alleged misconduct was not taken in the judge's judicial capacity or where the was taken in complete absence of all jurisdiction); *Zenon v. Guzman*, 924 F.3d 611 (1st Cir. 2019) ("[I]t is an axiom of black letter law that when a judge carries out traditional adjudicatory functions, he or she has absolute immunity for those actions"). Further, quasi-judicial immunity extends to court clerks for "acts that are discretionary, taken at the direction of a judge, or taken according to court rules." *Hamilton v. City of Hayti*, 948 F.3d 921, 928 (8th Cir. 2020).[3]

### IV. Conclusion

For the foregoing reasons, the Court hereby orders:

1. The Amended Complaint, [Doc. No. 6], is <u>DISMISSED</u>.

2. The Motion to Allow Second Amended Complaint, [Doc. No. 7], is <u>DENIED</u>.

SO ORDERED.

    /s/ Myong J. Joun
Myong J. Joun
United States District Judge

Dated: February 21, 2025

---

[3] The Court notes that, in the Second Amended Complaint's prayer for relief, Ms. Galarza seeks not only damages, but she also asks the Court "to allow time needed for Congress to review the plea to override the States Immunity." [Doc. No. 6 at 4]. The Court cannot grant this form of relief.